FINAL REPORT[1]


*Revisions to the <u>Comment</u> to Pa.R.Crim.P. 578*


PRETRIAL RESOLUTION OF ADMISSIBILITY OF EXPERT TESTIMONY

---

On September 21, 2017, effective January 1, 2018, upon the recommendation of the Criminal Procedural Rules Committee, the Court approved the revision of the *Comment* to Rule 578 (Omnibus Pretrial Motion for Relief) to encourage the pre-trial resolution of the admissibility of scientific or expert evidence. In particular, the revision adds to the list of types of relief that may be sought in an omnibus pretrial motion proposing or opposing the admissibility of scientific or expert evidence.

The Committee recently examined the question of the pretrial determination of the admissibility of expert testimony. This was prompted by Justice Dougherty's dissenting opinion in *Commonwealth v. Safka,* 141 A.3d 1239 (Pa. 2016). At issue in *Safka* was the trial court's *sua sponte* allowance of the Commonwealth to establish the reliability of the scientific evidence after the Commonwealth had rested. In his dissent from the majority's upholding of the trial court's action, Justice Dougherty noted that this issue could have been avoided had the particular scientific evidence's reliability been challenged earlier than at trial as it had been. Acknowledging that the defense did nothing improper under the current rules, he recommended that the Committee examine rule changes that would encourage the pretrial resolution of these types of challenges.

In undertaking this examination, the Committee first reviewed the law regarding admissibility of scientific evidence and the procedural mechanisms to address the question. *Frye v. United States,* 293 F. 1013 (App. D.C. 1923) is the seminal case

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports.*

establishing the test for the admissibility of scientific evidence. The *Frye* test requires the proponent of scientific evidence to establish that the theory and method used by the expert witness were generally accepted within the relevant scientific community. Although modified in a number of jurisdictions by acceptance of the holding in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), Pennsylvania still adheres generally to the *Frye* test and this standard is recognized in Rule of Evidence 702. Rule of Evidence 703 also enumerates the basis for expert opinion testimony.

Neither of these rules of evidence addresses procedures for raising such challenges. Pennsylvania Rule of Civil Procedure 207.1 provides specific procedures for raising challenges to scientific evidence. However, as Justice Dougherty notes in the *Safka* dissent, the civil rule does not provide for specific timing but is primarily a content rule. In fact, paragraph (b) of Pa.R.C.P. 207.1 states that a party is not required to raise the admissibility of expert testimony pre-trial unless the court so orders. There is language in the *Official Note* to Pa.R.C.P. 207.1 providing some guidance as to the pretrial determination of such issues:

> In deciding whether to address prior to trial the admissibility of the testimony of an expert witness, the following factors are among those which the court should consider: the dispositive nature or significance of the issue to the case, the complexity of the issue involved in the testimony of the expert witness, the degree of novelty of the proposed evidence, the complexity of the case, the anticipated length of trial, the potential for delay of trial, and the feasibility of the court evaluating the expert witness' testimony when offered at trial.

However, this guidance is directed toward the judge in deciding the issue and not toward the parties regarding the time for raising such issues.

The Rules of Criminal Procedure do not provide specific procedures for raising *Frye* issues. *Frye* challenges generally are raised as motions *in limine* but the rules do not provide for any specific timing for raising these motions. Rules 578 and 579 require an omnibus pretrial motion to be served within 30 days of arraignment and a court to determine all pretrial motions before trial. However, motions *in limine* are distinguished from the omnibus pre-trial motion (and its timing provisions) in the Rule 578 *Comment*.

The Committee noted that the federal system encourages the pretrial determination of challenges to expert testimony. For example, the Third Circuit has emphasized the importance of conducting *in limine* hearings under Fed. R. Evid. 104 (resolution of preliminary questions) when making reliability determinations required by Fed. R. Evid. 702 and *Daubert. Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3d Cir. 1999). However, this is based heavily on the gatekeeping function that is placed on the trial court by *Daubert* and such motions may still be brought during trial. *See, e.g., Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

Based on a review of the foregoing, the Committee concluded that the rules should encourage the pre-trial determination of the admissibility of expert testimony. However, the Committee did not believe that it would be effective to create a specific deadline by which time the motion must be filed, given the wide variations of the types of evidence involved and the circumstances under which the evidence is discovered. The Committee decided that the question would be best addressed by adding a general provision to encourage pre-trial determination of these issues. Therefore, the *Comment* to Rule 578, which contains a list of suggested types of pretrial motions to be included in the omnibus pretrial motion, has been revised by adding to that list those motions that would "establish a challenge to the admissibility of scientific or expert evidence."[2]

One of the issues that the Committee discussed was the question of whether or not adding these types of motions to the Rule 578 *Comment* list of suggested motions would now tie them to the time limitations for omnibus pretrial motions. The Committee first noted that the time limitations for filing omnibus motions often are treated more flexibly by most courts, given the wide variations of issues raised. More specifically, the Committee believes that if there is a legitimate question concerning the reliability of scientific evidence, a trial judge would permit it to be raised even if it was after the Rule 578 time limit. The Committee discussed removing the Rule 578 *Comment* language referring to motions *in limine* but decided that there are motions *in limine* unrelated to

---

[2] Additionally, a typographical error in the numbering of the list would be corrected.

*Frye* issues that should continue to be exempt and did not want to confuse the issue.

  The Committee ultimately agreed to add language to the *Comment* that would state that the pre-trial determination of *Frye* issues should be encouraged but that raising these issues in a later motion *in limine* is permissible as well. Additionally, a cross-reference in the Rule 578 *Comment* to Rules of Evidence 702 and 703, which address more substantive aspects of the admissibility of expert testimony, has been added. Finally, the revision adds a cross-reference to *Frye* and the chief Pennsylvania cases applying it.